UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-54-GNS

JOSEPHINE WILEY                                                                                          PLAINTIFF

v.

SAM'S CLUB, INC.                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Josephine Wiley tripped over a twelve-inch tall orange warning cone on the floor at Sam's Club. She blamed the store for her resulting injuries and sued for negligence. Sam's Club moved for summary judgment, arguing that the orange cone was an open and obvious condition that did not pose an unreasonable risk of harm. The Court agrees and will grant the motion.

**I.      STATEMENT OF FACTS AND CLAIMS**

One Thursday afternoon, Josephine Wiley ("Wiley") and her husband walked into Sam's Club in Elizabethtown, Kentucky, for the first time. (Wiley Dep. 22:23-23:17, Sept. 4, 2014, DN 21-3). They explored the store and shopped for over an hour without incident. (Wiley Dep. 26:19-27:12). As she browsed, Wiley looked at the merchandise on the shelves, not at the floor where she walked. (Wiley Dep. 33:9-19). She walked around a display table and then, with her pocketbook in hand and her husband nearby, she fell. (Wiley Dep. 33:9-34:13).

The cause of Wiley's fall is undisputed: she tripped over an orange cone, eleven or twelve inches tall. (Wiley Dep. 29:15-33:6). Sam's Club had placed that cone and another on the corners of a four-foot wide flooring display for Swiffer mops—presumably to warn customers about the unstable ground. (Def.'s Mot. for Summ. J. Ex. 3, DN 21-4). The concrete floor around the cone was well-lit, dry, and free of debris. (Wiley Dep. 35:24-36:18). Wiley

claims that she did not see the cones until it was too late, though a surveillance video shows her walking by the display three times and stopping to look at least once before her fall. (Video, DN 22).

Wiley's complaint asserts a single claim: negligence. (Compl. ¶¶ 5-12, DN 1-2). She alleges that Sam's Club negligently maintained the area where she fell. (Compl. ¶ 7). She also alleges that Sam's Club failed to warn her of the danger presented by the hazardous condition of the area where she fell. (Compl. ¶ 9).

## II.   JURISDICTION

Wiley initially filed this suit in Hardin Circuit Court. Citing diversity jurisdiction under 28 U.S.C. § 1332, Sam's Club timely removed. (Notice of Removal, DN 1). Wiley resides in Kentucky, Sam's Club in Arkansas. (Compl. ¶¶ 1-2). And as Sam's Club learned in discovery, the amount in controversy exceeds $75,000. (Notice of Removal 2). Diversity jurisdiction is therefore proper.

## III.   STANDARD OF REVIEW

Sam's Club has moved for summary judgment, which is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, a court views the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A court properly enters summary judgment where the non-moving party fails to submit sufficient evidence upon which "a reasonable jury could return a verdict for" her. *Id.* at 248.

The moving party bears the initial burden of "informing the district court of the basis of its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp.*

2

*v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be satisfied by showing an absence of evidence to support an essential element of the nonmoving party's case for which the nonmoving party has the burden of proof. *Id.*

Once the moving party demonstrates this lack of evidence, the nonmoving party may only overcome summary judgment by showing that a genuine dispute exists, using specific facts that "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Where, as here, the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 223.

## IV. DISCUSSION

In five years, Kentucky's open and obvious doctrine has evolved from a blunt question of a landowner's duty to a more nuanced analysis of breach and causation. Before 2010, the traditional rule governed: "[L]and possessors cannot be held liable to invitees who are injured by open and obvious dangers." *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010) (citing Restatement (First) of Torts § 340 (1934)). It was a fairly straightforward question of duty: "[I]f a plaintiff was injured by an open and obvious hazard, the landowner, regardless of any negligent conduct on its part, had a complete defense to any asserted liability." *Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 906 (Ky. 2013). Under the traditional rule, a court's determination that the plaintiff's injury was caused by an open and obvious hazard ended the analysis—the defendant landowner simply had no duty to warn or correct the condition.

In 2010, the Kentucky Supreme Court abandoned this outdated rule in favor of the modern approach outlined in Restatement (Second) of Torts § 343A. *McIntosh*, 319 S.W.3d at

389. Under this approach, even with respect to open and obvious hazards, "land possessors owe a duty to invitees to discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *McIntosh*, 319 S.W.3d at 388. In most cases, then, "the existence of the element of duty is clear because of the landowner-invitee relationship and the general duty of reasonable care applicable to landowners." *Shelton*, 413 S.W.3d at 908.

But the existence of a duty does not end the discussion; in fact, the "core" of "the entire line of open-and-obvious cases . . . is located outside the duty analysis." *Id.* at 910. The real question under the modern approach is whether the defendant-land possessor satisfied the standard of care it owed to the plaintiff. *Id.* at 910-11. And then, "[t]he obviousness of the condition is a 'circumstance' to be factored under the standard of care." *Id.* at 911. Where the plaintiff is an invitee, "[n]o liability is imposed when the defendant is deemed to have acted *reasonably under the given circumstances*." *Id.* at 911 (emphasis added).

In determining whether the land possessor acted reasonably under the circumstances, the Court (or the trier of fact) must determine whether the land possessor satisfied its duty "to eliminate or warn of *unreasonable* risks of harm." *Id.* at 914 (emphasis added). "Normally, an open-and-obvious danger may not create an unreasonable risk. Examples of this may include a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps even a simple curb." *Id.* By contrast, two "factors . . . when a defendant may be found liable despite the obviousness of the danger" are: (1) "when a defendant has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious or will forget what he discovered, or fail to protect himself against it"; and (2) "when a defendant has reason to expect that the invitee will proceed to encounter the known or obvious danger because

4

to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.*

In sum, "when a condition creates an unreasonable risk, that is when a defendant should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger, liability may be imposed on the defendant as a breach of the requisite duty to the invitee depending on the circumstances." *Id.* (quotations omitted). "[A] defendant may be found liable despite the obviousness of the danger" if "a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id.* (quotation omitted). The key is foreseeability—if a "land possessor could reasonably foresee that an invitee would be injured by the danger," then it is liable irrespective of the obviousness of the condition. *McIntosh*, 319 S.W.3d at 392.

Finally, though foreseeability and breach are generally fact issues for the jury, the Kentucky Supreme Court emphasized that, even under Kentucky's more stringent standard, "summary judgment remains a viable concept under [the modern] approach." *Shelton*, 413 S.W.3d at 916. After all, a "court must still examine each element of negligence in order to determine the legitimacy of the claim." *Id.* Though "the question of foreseeability and its relation to the unreasonableness of the risk of harm is properly categorized as a factual one," summary judgment remains appropriate when "it would be unreasonable for a jury to find breach or causation." *Id.* As with any diversity case, the Court will apply the Federal Rule of Civil Procedure 56 summary judgment standard.

    A.    **Sam's Club only owed Wiley <u>a duty to maintain reasonably safe premises.</u>**

In applying this standard, the first step is to determine whether Sam's Club owed Wiley a duty. The *Shelton* court indicated that, under the modern approach, a court should separate a

5

land possessor's duty to warn from its duty to maintain its premises in a reasonably safe condition. It noted that "[u]nder [the] modern approach to cases dealing with open and obvious dangers, there is no duty for the land possessor to warn of the dangers; but this 'does not mean there is no duty at all.'" *Id.* (quoting *McIntosh*, 319 S.W.3d at 388). In another section, the court said that "the open-and-obvious doctrine only eliminates a defendant's duty to warn *because the condition is a warning in itself* and places the plaintiff on the same level of knowledge about the premises as the land-possessor defendant." *Id.* at 914 (emphasis added).

Here, the "condition" was quite literally "a warning in itself"—**Wiley tripped over an orange cone that Sam's Club set out to warn customers about the floor display**. Clearly, a land possessor has no duty to warn about a warning—if it did—the warnings would never end. Wiley's failure to warn claim therefore fails as a matter of law.

That leaves Sam's Club's broader duty to maintain reasonably safe premises. Unlike the warning claim, this is easily satisfied under the modern approach. Wiley was an invitee—she entered Sam's Club "at the express or implied invitation of the owner or occupant on business of mutual interest to them both . . . ." *Scuddy Coal Co. v. Couch*, 274 S.W.2d 388, 389 (Ky. 1955). As such, Sam's Club owed her a general duty "to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton*, 413 S.W.3d at 909 (footnote omitted).

B. <u>Sam's Club did not breach its duty.</u>

Having found that Sam's Club owed Wiley a duty, the Court next turns to the "core" of the case—whether Sam's Club fulfilled its standard of care to maintain a reasonably safe premises. *McIntosh*, 319 S.W.3d at 910. The obviousness of a hazardous condition is a "circumstance" the Court must consider when evaluating Sam's Club's standard of care. *Shelton*, 413 S.W.3d at 911. As such, the Court first determines that the orange cone was an

6

open and obvious condition.  Further, Sam's Club did not breach its duty of reasonable care because it could not have reasonably foreseen that an invitee would be injured by that condition.

### 1. *The orange cone was an open and obvious hazard.*

Under Kentucky law, a condition is "open and obvious" if it is either subjectively known by the plaintiff or objectively obvious. *Dick's Sporting Goods v. Webb*, 413 S.W.3d 891, 895 (Ky. 2013). "The condition is *known* to a plaintiff when, subjectively, she is aware 'not only . . . of the existence of the condition or activity itself, but also appreciate[s] . . . the danger it involves.'" *Id.* (quoting Restatement (Second) of Torts § 343A(1) cmt. B (1965)). "And the condition is *obvious* when, objectively, 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Id.*  Importantly, this is a disjunctive test. *Id.* at 896.

Wiley's subjective knowledge of the orange cone is a fact issue.  In her deposition, she testified that she failed to see the cone until it was too late. (Wiley Dep. 28:9-37:14).  Yet she walked by the cone three times in the five minutes before her fall and even appeared to stop once to look at the display. (Video, DN 22).  At this stage of the litigation, however, the Court affords her the benefit of the doubt and finds that Wiley's subjective knowledge of the cone is a fact issue.

Objective obviousness is another matter.  While "[a] customer in a store may assume that the floor will be free from obstructions of a dangerous nature," *Webb*, 413 S.W.3d at 900, and she need not watch each footstep as she walks, *see Humbert v. Audubon Country Club*, 313 S.W.2d 405, 407 (Ky. 1958), she "may not walk blindly, irrespective of obvious danger." *Webb*, 413 S.W.3d at 900.

A reasonable person exercising ordinary perception in Wiley's circumstances would have recognized the cone and its inherent risks. It is difficult to imagine a more obvious condition than a twelve-inch orange warning cone, specifically designed to attract attention. Though Wiley was not required to watch every step, even a cursory glance at her surroundings would have revealed that cone.

Wiley argues that a reasonable shopper at Sam's Club is looking at items on the shelves that are five or six feet from the ground, not the floor where she walks. After all, Wiley admitted that she "wasn't looking" at the ground, but was instead keeping her focus at "eye level." (Wiley Dep. 33:16-19). As a matter of law, though, a reasonable person does not "walk blindly" through a store. *Webb*, 413 S.W.3d at 900. The Court therefore concludes that a reasonable person even vaguely aware of her surroundings and exercising ordinary perception, intelligence, and judgment would have seen and appreciated the danger inherent in the orange cone. It would be unreasonable under these circumstnaces for a jury to find otherwise.

### 2. *Sam's Club had no reason to foresee Wiley's injury from that obvious hazard.*

Having found that the cone was an obvious hazard, the Court must determine whether Sam's Club fulfilled its duty of care. The question is whether Sam's Club had reason to foresee that Wiley's attention would be distracted, so that she would fail to discover the obvious condition, forget what she had previously discovered, or just fail to protect herself against it. *See Shelton*, 413 S.W.3d at 911, 914. The other factor—that Sam's Club had reason to expect that Wiley would proceed to encounter the obvious danger because a reasonable person in her

8

position would see the advantages of doing so as outweighing the risks—is inapplicable here.[1] *See id.*

Wiley was casually shopping when she tripped over the cone. She was not rushing a critically-ill patient into an emergency room like the plaintiff in *McIntosh* or caring for her bed-ridden husband like in *Shelton*. This is a more typical trip-and-fall case; under Kentucky law, Sam's Club was reasonable in expecting that its patrons would not walk blindly through the store, oblivious to anything below eye level. *See Webb*, 413 S.W.3d at 900. In an attempt to draw attention to a potentially hazardous condition, Sam's Club set out two orange cones specifically to draw attention to the hazard of the floor display. Because Kentucky law holds that a shopper may not walk blindly through a store, Sam's Club acted reasonably in expecting that patrons would see and avoid the orange cone on the ground.

The warning cone in this case is akin to the *Shelton* court's examples of open-and-obvious risks that do not ordinarily present an unreasonable risk of harm: "a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps even a simple curb."[2] *Shelton*, 413 S.W.3d at 914. If a small pothole in a parking lot does not pose an unreasonable risk of harm requiring action by a land-possessor, then a twelve-inch high orange cone does not either. Because the warning cone did not pose an unreasonable risk of harm as a matter of law, Sam's Club had no reason to foresee than an invitee would trip over it.

---

[1] This "factor" applied in *McIntosh* when a paramedic tripped over curb between an ambulance dock and the emergency room doors while rushing a critically ill patient into the hospital. *McIntosh*, 319 S.W.3d at 393-95. By contrast, the plaintiff in this case was casually shopping in a retail store when she fell.

[2] The *Shelton* court repeatedly referred to the curb in *McIntosh* as unusual in size and in placement. *See e.g.*, *Shelton*, 413 S.W.3d at 915. This section of the opinion appears to differentiate between a "simple curb" from one that is "unusual," which distinction is irrelevant here.

What of Wiley's claims that Sam's Club should have used taller cones or placed the floor display under a table? As for the "taller cones" claim, where would this end? Did the cone need to be five feet high, at "eye level" where Wiley apparently kept her sights? As for her claim that the floor display should have been pushed under a table, this would seem to defeat the entire purpose of a floor display. More importantly, neither suggestion changes the conclusion that, as a matter of law, Sam's Club fulfilled its standard of care in placing orange warning cones on either side of the floor display. The law required nothing more.

## V. CONCLUSION

While foreseeability and breach are often jury questions, this is a case where no reasonable jury could find that Sam's Club breached its duty of care. It had no duty to warn about the orange warning cone, and it fulfilled its duty to maintain reasonably safe premises for its customers. Summary judgment is therefore appropriate.

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Sam's Club's Motion for Summary Judgment (DN 21) is **GRANTED** and Josephine Wiley's claims are **DISMISSED WITH PREJUDICE**.

This is a final and appealable order.

Greg N. Stivers, Judge
United States District Court

June 11, 2015

cc: counsel of record